CLERK'S COPY
FILED
AT ALBUQUERQUE NM
JUN -7 2000
ROBERT M. MARCH
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PHILLIP CORDOVA,

Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　No. CIV-00-0356 LH/WWD

STATE OF NEW MEXICO,
BERNALILLO COUNTY, New Mexico,
GARY JOHNSON, Governor of New Mexico,
PHYLLIS SUBIN, Public Defender of New Mexico,
JEFF ROMERO, Bernalillo County District Attorney,
and et al., in their individual and official capacities,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to consider the notice of removal filed March 10, 2000. The notice was filed under 28 U.S.C. §§ 1441 and 1446 and states that this Court has original jurisdiction of Plaintiff's claims under federal law. The notice is signed by private counsel for Defendants State of New Mexico, Johnson, Subin, and Romero (the "state Defendants").

The removal notice make no reference to Defendant Bernalillo County, thus raising the issue of unanimity in the removal of an action involving multiple defendants. As stated by the United States Court of Appeals for the Tenth Circuit, "The failure of all defendants to join in a removal petition renders the petition procedurally defective, and § 1447(c) requires that the district court remand the case." *FDIC v. OKC Partners, Ltd.*, No. 91-6300, 1992 WL 73005, at **4 (10th Cir. 1992) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective."); *see also Goodman v. Medical Eng. Corp.*, No. 98-6437, 1999 WL 672303, at **2 (10th Cir.1999) (unanimity



is a "prerequisite"). The file gives no indication that Defendant Bernalillo County has joined or consented to the state Defendants' removal notice, and the notice "is considered defective if it fails to contain an explanation for the absence of co-defendants." *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) (quoting *Northern Ill. Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)).

"There are exceptions to the rule requiring that all defendants join in the removal petition. One exception arises when a non-resident defendant has not been served at the time the removing defendants file their petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *Scheall*, 930 F. Supp. at 1449 n.1 (diversity cases). This limited exception to the unanimity rule, which derives from requirements peculiar to diversity cases, has been applied by some courts in federal-question cases. *See, e.g., Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Even in the Ninth Circuit, however, where the "unserved defendant" exception to unanimity has been applied in federal-question cases, a defendant who has actual notice of the action must join in the removal notice. *Schwartz v. FHP Int'l Corp.*, 947 F. Supp. 1354, 1363-64 (D. Ariz. 1996). As with the question of joinder, the state Defendants have not addressed the issue of service of original process on Defendant Bernalillo County. *Cf. P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 548 (7th Cir. 1968) ("better practice dictates that the petition expressly indicate why [a defendant] has not been served.") (quoting 1A James Wm. Moore et al., Moore's Federal Practice ¶ 0.168 (3.- 4)). Here, the removal notice merely alleges that the state Defendants have been served with process.

In the absence of a factual allegation that Defendant Bernalillo County has not been notified of this action, and without any explanation or argument by the state Defendants, the Court will not presume that Defendant Bernalillo County consents to removal. *See Henderson v. Holmes*, 920 F.

Supp. 1184, 1187 (D. Kan. 1996) (express consent required); *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997) (" 'one defendant's attempt to speak on behalf of another defendant will not suffice;' " all doubts resolved in favor of remand) (quoting *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995)); *and see Todd v. DSN Dealer Service Network, Inc.*, 861 F. Supp. 1531, 1535 (D. Kan. 1994) (attorney may only give consent of party represented); *and cf. Moosbrugger v. McGraw-Edison Co.*, 215 F. Supp. 486, 488 (D. Minn. 1963) (rejecting as unpersuasive claim that co-defendant's consent was difficult to obtain). The state Defendants have made no showing that Defendant Bernalillo County should be excused from joining in removal of this case. The removal notice is procedurally defective, § 1447(c), and this action will be remanded to the state court.

IT IS THEREFORE ORDERED that this action is REMANDED to the New Mexico First Judicial District Court, County of Santa Fe.

_____
UNITED STATES DISTRICT JUDGE